IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CUA, MELISSA CUA,<br>　　　　Plaintiffs,<br><br>　v.<br><br>MERS, COUNTRYWIDE HOME LOANS, et al.,<br><br>　　　　Defendants.<br>_____/ | No. 09-1605-SBA<br><br>**ORDER RE SUPPLEMENTAL BRIEFING ON SUBJECT MATTER JURISDICTION**<br><br>[Docket No. 10] |

This matter is before the Court on Defendants' Motion to Dismiss, Motion to Expunge Lis Pendens, and Request for Attorneys' Fees and Costs. Plaintiffs have filed neither an opposition brief nor a statement of non-opposition, as required by L.R. 7.3(a)-(b). This court's own civil standing order No. 8 notifies parties appearing before it that the failure to file a memorandum of points and authorities in opposition to any motion is consent to the granting of the motion. In view of these procedural facts, Plaintiffs' failure to follow a district court's local rules is a proper basis for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). However, because the Defendants seek relief beyond a dismissal of the complaint, such a disposition both fails to address the Defendants' request for relief in its entirety and creates potential prejudice to the Plaintiffs if they are not provided an opportunity show cause why they should not pay Defendants fees and costs.

Before proceeding with a review of the merits of the motion to dismiss, however, the Court must be satisfied it has subject matter jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). Defendant always has the burden of establishing that removal is proper. *Id*.

The Plaintiffs filed the Complaint in state court, alleging only state law claims. In their notice of removal, Defendants claim there is federal question jurisdiction ("This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331"). More specifically, they claim "that Plaintiffs' state law claims necessarily raise a stated federal issue, actually disputed

and substantial, in that they are based on alleged improper disclosures and yield spread premiums and thus require interpretation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*" [Docket No. 1, Not. ¶ 6].  Defendants refer specifically to paragraphs 11, 30, 33, 35, 39, 40, 58, 61-62, 71, 75, 80 of the Complaint, none of which includes a reference to RESPA, TILA or any other federal statute or regulation.

In *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983), the Supreme Court held that a case "arises under" federal law where a "well-pleaded complaint establishes either that (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Yet the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). There is no "single, precise, all-embracing" test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties. [ . . .]  Instead, the question is, *does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain* without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005) (emphasis added).

The Court HEREBY ORDERS that the parties provide supplemental briefing on the issue of whether there is subject matter jurisdiction in the instant case, responding in particular to the case law cited above.  Cross-briefs shall be filed by June 12, 2009.

IT IS SO ORDERED.

Dated: 6/5/09

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

2