UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHNNY CUA, MARISSA CUA,<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., COUNTRYWIDE HOME LOANS SERVICING, LP, and RECONTRUST COMPANY, N.A. and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiffs title, or any cloud on Plaintiffs title thereto, Does 1-X, Inclusive.<br><br>Defendants. | Case No: C 09-01605 SBA<br><br>**ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS**<br><br>Docket 19. |

On January 6, 2009, Plaintiffs Johnny and Marissa Cua ("Plaintiffs") filed the instant mortgage fraud action in the Superior Court of California, County of Contra Costa, against Defendants Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc., and ReconTrust Company (collectively, "Defendants"). See Compl., Dkt. 1. On January 13, 2009, Plaintiffs recorded a Notice of Pending Action ("lis pendens") in the Official Records of the Contra Costa County Recorder's Office, which states that the instant action affects title to and possession of real property located at 2380 Crocker Court, Antioch, California 94531 (the "Property"). Notice of Removal, Exh. 2, Dkt. 1. On April 13, 2009, the case was removed to this Court on the basis of federal question jurisdiction. Notice of Removal ¶ 6. On July 31, 2009, Plaintiffs voluntarily dismissed this action. Dkt. 18.

The parties are presently before the Court on Defendants' unopposed motion to expunge the lis pendens. Dkt. 19-1. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.    **DISCUSSION**

Defendants move to expunge the lis pendens filed by Plaintiffs on the ground that the instant action has been dismissed in its entirety. Specifically, Defendants contend that expungement of the lis pendens is appropriate because, as a result of the dismissal, Plaintiffs are "left without a real property claim and cannot establish the probable validity of such a claim."

Federal courts look to state law regarding matters pertaining to lis pendens. See 28 U.S.C. § 1964. "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Federal Deposit Ins. Corp. v. Charlton, 17 Cal.App.4th 1066, 1069 (1993) (emphasis omitted). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment. . . . Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." BGJ Assocs., LLC v. Super. Ct. of Los Angeles, 75 Cal.App.4th 952, 966-967 (1999).

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal. Code Civ. Proc. § 405.30. The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement. Id. A lis pendens shall be expunged if the court finds either that the pleading on which the notice is based does not contain a real property claim, id. § 405.31, or that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim, id. § 405.32. See Hunting World, Inc. v.Super. Ct. of San Francisco, 22 Cal.App.4th 67, 70-71 (1994).

Here, Plaintiffs have consented to the expungement of the lis pendens by failing to oppose Defendants' motion.  See Gwaduri v. I.N.S., 362 F.3d 1144, 1147 n. 3 (9th Cir. 2004).  In addition, Plaintiffs have not demonstrated the probable validity of any real property claim.  Indeed, because Plaintiffs have voluntarily dismissed the instant action, there is no longer a lawsuit pending which may affect title to or possession of the real property described in the lis pendens.  Accordingly, Defendants' unopposed motion to expunge the lis pendens is GRANTED.

## II.    CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Defendants' motion to expunge the lis pendens is GRANTED.  The lis pendens as to the real property located at 2380 Crocker Court, Antioch, California 94531, recorded in the Contra Costa County Recorder's Office as Document Number 2009-0005834-00, is hereby expunged from the public record.

2.    This Order terminates Docket 19.

IT IS SO ORDERED.

Dated:  7/9/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge